UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL GIBBS #137358,

    Plaintiff,                                            Hon. Janet T. Neff

v.                                                             Case No. 1:14-cv-1101

SUMMER LAUGHHUNN, *et al.,*

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction. (Dkt. #15). Plaintiff alleges that he suffers from corneal dystrophy and moves for an order that he is, "entitled to an immediate injunction that Defendants make an appointment promptly with an eye doctor, and to follow his course of prescribed treatment." Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## ANALYSIS

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In order to obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). In determining whether an injunction is appropriate, four factors are weighed: (1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the plaintiff has shown irreparable injury;

(3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *Sandison v. Michigan High School Athletic Ass'n Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995). While no factor is dispositive, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. Of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Wright & Miller Federal Practice & Procedure § 2942 (2d ed. 1995)). After analysis of these factors, this Court recommends that the Plaintiff's motion be denied.

Plaintiff has submitted no evidence demonstrating that there exists any probability that he will prevail on his underlying claim. Moreover, while the Court does not doubt that corneal dystrophy could potentially subject an individual to irreparable harm, Plaintiff has presented no evidence that any alleged harm is imminent. In this regard, the Court notes the following: first, Plaintiff alleges that he has had the condition for thirty years, and second, Plaintiff alleges that he currently sees well. *See* Plaintiff's Declaration (Dkt. 34). Thus, Plaintiff has not established that he will suffer irreparable harm in the absence of injunctive relief. In sum, Plaintiff has not demonstrated that he is entitled to injunctive relief.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for a Preliminary Injunction, (Dkt. #15), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Respectfully submitted,

Date: July 28, 2015  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge