UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PAUL GIBBS #137358,

               Plaintiff,                              Hon. Janet T. Neff

v.                                          Case No. 1:14 CV 1101

SUMMER LAUGHHUNN,

               Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>, (dkt. #28), and <u>Defendant's Motion for Summary Judgment</u>, (dkt. #58). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and this action **terminated**.


## BACKGROUND

Plaintiff initiated this action on October 24, 2014, against Dr. Gerald Kolk, Summer Laughhunn, Jacquelyn Lewis, JoAnn Bunting, and Jody LeBarre. In his complaint, Plaintiff makes the following allegations.

In 1977, Plaintiff, who was then incarcerated with the Michigan Department of Corrections, was diagnosed with corneal dystrophy. The only treatment for this condition is "to protect the eyes from direct sunlight, [and] bright lights, and to use special eye drops as needed." In June 2011, Plaintiff was transferred to the Ionia Correctional Facility. This facility does not permit prisoners to possess non-prescription sunglasses. On June 6, 2013, Plaintiff was examined by optometrist Dr. Gerald

Kolk.  Plaintiff informed the doctor that he suffered from corneal dystrophy and "needed tinted lenses" and eye drops.  Dr. Kolk informed Plaintiff that he could only authorize such treatment "if it was already in [his] file."  The doctor, noting that Plaintiff's file contained no such treatment recommendation, denied Plaintiff's request for tinted lenses and eye drops.  Plaintiff disputed this determination, informing the doctor that his diagnosis of corneal dystrophy had been in his file since 1977.

Plaintiff subsequently wrote to the "records office" to determine why Dr. Kolk did not have access to his entire medical file.  Jacquelyn Lewis responded by informing Plaintiff that portions of his medical file "had been placed in storage."  Plaintiff responded by pursuing the matter through the prison grievance system.  JoAnn Bunting, Jody LeBarre, Summer Laughhunn denied Plaintiff's grievances.  While not clearly stated, the Court interprets Plaintiff's complaint as asserting that Defendants have denied him appropriate medical care in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff seeks injunctive and monetary relief.  Defendants have all moved for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not

change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).   While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).   Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.   In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof  faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.**        **Defendant Kolk**

Plaintiff alleges that Defendant Kolk failed to properly treat his vision impairment.  The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976).  Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs."  *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps.  First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.  A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).  If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

To the extent, however, that the plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, the defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

Defendant Kolk has submitted an affidavit in which he asserts the following. Dr. Kolk examined Plaintiff on May 9, 2013. (PageID.338). Plaintiff stated that "he had a history of corneal dystrophy." (PageID.339). Dr. Kolk performed vision testing which indicated that Plaintiff's "visual acuity was 20/20 - for each eye." (PageID.339). The doctor performed a glaucoma test, the results of which were negative. (PageID.339). The doctor then examined Plaintiff's corneas with an ophthalmoscope which revealed that Plaintiff's corneas were "within normal limits." (PageID.339). Dr. Kolk concluded that Plaintiff was not suffering from corneal dystrophy and did not require tinted lenses. (PageID.339). This was the only occasion that Dr. Kolk examined Plaintiff. (PageID.339).

Plaintiff has responded by asserting that Dr. Kolk did not conduct a proper examination of his eyes and inaccurately assessed his visual acuity.  (PageID.349-50).  At his deposition, Plaintiff stated that his claim against Dr. Kolk was that the doctor "failed to properly diagnose" that he was suffering from corneal dystrophy.  (PageID.336).  As discussed above, the Eighth Amendment is not implicated by claims of negligent diagnosis, negligent treatment, or medical malpractice.  While the Court is not unsympathetic to Plaintiff's belief that Dr. Kolk committed malpractice or acted with negligence, such allegations or concerns do not implicate the Eighth Amendment.

Plaintiff attempts to avoid this result by arguing that Dr. Kolk stated in response to discovery requests that had Plaintiff's medical records indicated a prior diagnosis of corneal dystrophy he "may have prescribed tinted lenses and eye drops" for Plaintiff.  (PageID.385).  This argument is irrelevant.  There is no evidence that the medical records that were provided to Dr. Kolk indicated that Plaintiff had been previously diagnosed with corneal dystrophy.  Moreover, even if the records available to Dr. Kolk had contained such information, the doctor has asserted that he declined to prescribe tinted lenses and eye drops for Plaintiff because such was not warranted based on the results of his examination of Plaintiff's eyes.

Finally, Plaintiff argues that his medical records, in fact, contain a notation that he suffers from corneal dystrophy thereby establishing his claim against Dr. Kolk.  The Court is not persuaded. This argument is based upon the results of an investigation conducted, at Plaintiff's behest, by the Office of Legislative Corrections Ombudsman.  (PageID.384).  This investigation revealed that Plaintiff was "diagnosed with corneal dystrophy in the 1970s by exam and the medical records from that time state that symptoms would be treated as they arise."  (PageID.384).  In light of Plaintiff's subsequent improvement in visual acuity, Plaintiff's care providers surmised that Plaintiff "may have originally

been misdiagnosed" and "Health Care does not have any reason to believe that [Plaintiff] suffer[s] from corneal dystrophy at this time."  (PageID.384).  This evidence supports Dr. Kolk's assessment that Plaintiff does not suffer from corneal dystrophy.  Moreover, even if the Court assumes that Plaintiff does suffer from corneal dystrophy, Plaintiff's claim that Dr. Kolk failed to properly diagnose such does not implicate the Eighth Amendment.

In sum, Plaintiff was examined by Defendant Kolk.  While Plaintiff believes that the doctor committed malpractice or acted with negligence, such does not constitute a violation of Plaintiff's constitutional rights.  Accordingly, the undersigned recommends that Defendant Kolk's motion for summary judgment be granted.

## II.        Defendants Laughhunn, Lewis, Bunting, and LeBarre

Because Plaintiff is proceeding as a pauper in this matter, his claims are subject to dismissal if they fail to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted").

To avoid dismissal for failure to state a claim, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must likewise articulate facts sufficient to allege a "plausible claim for relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely

consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility

of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet
> that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions. Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements,
> do not suffice. . .Rule 8 marks a notable and generous departure from the
> hyper-technical, code-pleading regime of a prior era, but it does not
> unlock the doors of discovery for a plaintiff armed with nothing more
> than conclusions.  Second, only a complaint that states a plausible claim
> for relief survives a motion to dismiss. . .Determining whether a
> complaint states a plausible claim for relief will, as the Court of Appeals
> observed, be a context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense. But where the
> wellpleaded facts do not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged - but it has not
> "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).


A.    Defendant Lewis

The only allegation which Plaintiff makes against Defendant Lewis is that in response

to an inquiry from Plaintiff, she responded that the portion of his medical file indicating that he had been

previously diagnosed with corneal dystrophy had been placed into storage.  This allegation simply fails

to state a claim upon which relief may be granted.  Accordingly, the undersigned recommends that

Plaintiff's claim against Defendant Lewis be dismissed.

B.      Defendants Laughhunn, Bunting, and LeBarre

The only allegations that Plaintiff makes against Defendants Laughhunn, Bunting, and LeBarre is that they denied the grievances he filed after being informed by Defendant Lewis that portions of his medical record had been placed into storage.

Liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior.  *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  Accordingly, liability in a § 1983 action does not attach based upon allegations that a defendant simply denied a prisoner's grievance or failed to act in response thereto.  *See Skinner v. Govorchin*, 463 F.3d 518, 525-26 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v. Michigan Parole Board*, 2004 WL 1532563 at *2 (6th Cir., June 23, 2004) ("[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act upon information contained in a grievance"); *Alder v. Correctional Medical Services*, 2003 WL 22025373 at *2 (6th Cir., Aug. 27, 2003) ("[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension").

Accordingly, the undersigned recommends that Plaintiff's claims against Defendants Laughhunn, Lewis, Bunting, and LeBarre be dismissed for failure to state a claim on which relief may be granted.  In the alternative, the undersigned recommends that Defendants Lewis, Laughhunn, Bunting, and LeBarre are entitled to summary judgment. As Defendant LeBarre asserts in an unrefuted affidavit, neither she nor Defendants Laughhunn, Lewis, or Bunting "are authorized to diagnose corneal dystrophy or prescribe medication or prescription lenses for it." (PageID.185).  Thus, these Defendants could not possibly have determined or known whether Plaintiff was experiencing a serious medical

condition requiring medical treatment.  As noted above, in the absence of such subjective knowledge, summary judgment is appropriate.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #28), be **granted**; <u>Defendant's Motion for Summary Judgment</u>, (dkt. #58), be **granted**; and this action **terminated**.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: March 22, 2016                                 /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge