UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL D. GIBBS,

    Plaintiff,

v

SUMMER LAUGHHUNN et al.,

    Defendants.

_____/

Case No. 1:14-cv-1101

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants moved for summary judgment (Dkts 28 & 58), and the matter was referred to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation (R&R, Dkt 85), recommending that both motions be granted. The matter is presently before the Court on Plaintiff's objections (Dkts 86 & 87) to the Report and Recommendation. Plaintiff has also filed a "Notice to Court and Request for Appointed Counsel," which was docketed as a Motion to Appoint Counsel (Dkt 83); a "Motion instanter to enlarge page limit on objections, motion for further discovery, motion for appointment of counsel and for a perjury hearing" (Dkt 88); an "Extraordinary Letter to All," which was docketed as a Motion for Order to Place in Abeyance for 60 Days (Dkt 93); and an "Urgent Prayer to Court," which was docketed as a Motion for Reconsideration (Dkt 94). The Court denies the objections, denies Plaintiff's motions, and issues this Opinion and Order.

## I. Plaintiff's Objections to Report & Recommendation

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Plaintiff essentially presents two arguments in his objections.

First, Plaintiff argues that the Magistrate Judge did not properly apply the standard for reviewing motions brought under FED. R. CIV. P. 56 (Pl. Obj., Dkt 87 at PageID.500). According to Plaintiff, the Magistrate Judge did not construe the facts in the light most favorable to him, the nonmovant, but "adopt[ed] as true every word of the defendants" (*id.* at PageID.500-508; Dkt 86 at PageID.474-475).

The Court disagrees. The Magistrate Judge not only recited the correct standard of review (R&R, Dkt 85 at PageID.462-464) but also properly applied the standard of review in deciding that summary judgment in favor of Defendants was appropriate. For example, with regard to Defendant Kolk, the Magistrate Judge determined that even if the Court assumed that Plaintiff suffers from corneal dystrophy, as Plaintiff alleges, summary judgment was nonetheless warranted where Dr. Kolk asserted that he declined to prescribe tinted lenses and eye drops for Plaintiff because such was not warranted based on the results of his examination of Plaintiff's eyes (*id.* at PageID.467). The Magistrate Judge explained that the Eighth Amendment is not implicated by claims of negligent diagnosis, negligent treatment or medical malpractice (*id.*).

Second, Plaintiff argues that the Magistrate Judge erred in denying his "previous discovery motions and then claiming I have not come forward with evidence" (Pl. Obj., Dkt 87 at PageID.514; Dkt 86 at PageID.476). Plaintiff emphasizes that he "did come forward with substantial evidence,"

including his sworn deposition and medical files (Pl. Obj., Dkt 87 at PageID.514-527; Dkt 86 at PageID.477-478).

Again, Plaintiff's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge considered Plaintiff's evidence, including his deposition and medical files, but concluded that Plaintiff's allegations or concerns do not implicate the Eighth Amendment (R&R, Dkt 85 at PageID.467-468).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

## II.  Plaintiff's Motions

Plaintiff's "Urgent Prayer to Court," which was filed on May 19, 2016 and docketed as a Motion for Reconsideration (Dkt 94), seeks reconsideration of this Court's January 19, 2016 Order denying Plaintiff's two earlier motions for reconsideration (Order, Dkt 79). The Court will deny this motion inasmuch as there is no provision for seeking reconsideration of an order denying reconsideration, particularly at this late date.

Plaintiff's remaining three motions—his "Notice to Court and Request for Appointed Counsel," which was docketed as a Motion to Appoint Counsel (Dkt 83); "Motion instanter to enlarge page limit on objections, motion for further discovery, motion for appointment of counsel and for purjury [sic] hearing" (Dkt 88); and "Extraordinary Letter to All," which was docketed as a Motion for Order to Place in Abeyance for 60 Days (Dkt 93)—concern his request for appointed counsel and a 60-day preparation period for new counsel.[1]  Because this Opinion and Order resolves

---

[1] In his objections to the Report and Recommendation, Plaintiff similarly reiterated his request for the appointment of counsel and for the Court to provide new counsel with 60 days to "develop the truth" (Pl. Obj., Dkt 87 at PageID.509; Dkt 86-1 at PageID.495).

the last pending claim in this case, the Court will deny these three motions as moot. *See also Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (appointment of counsel not justified where the Court finds the pro se litigant's complaint fails to state a claim or the chances of success are extremely slim); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (appointment of counsel "a futile act" where complaint suffers from fatal jurisdictional defects).

This Court will also enter a Judgment. *See* FED. R. CIV. P. 58. This action was filed *in forma pauperis*, and this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkts 86 & 87) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 85) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (Dkts 28 & 58) are GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Dkt 83) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion instanter to enlarge page limit on objections, motion for further discovery, motion for appointment of counsel and for purjury [sic] hearing" (Dkt 88) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's "Extraordinary Letter to All," which was docketed as a Motion for Order to place in abeyance for 60 days (Dkt 93) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's "Urgent Prayer to Court," which was docketed as a Motion for Reconsideration (Dkt 94) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: May 23, 2016                    /s/ Janet T. Neff
                                       JANET T. NEFF
                                       United States District Judge